**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROSLY PANTING AVILA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, *et al.*,<br><br>Respondents. | Civil Action No. 26-1481 (MAS)<br><br>**MEMORANDUM OPINION** |

This matter comes before the Court upon Petitioner's motion challenging the outcome of his bond hearing. (ECF No. 5.) The Government filed an opposition to that motion (ECF No. 6), to which Petitioner replied (ECF No. 9). For the following reasons, Petitioner's motion is denied.

By way of background, in his habeas petition, Petitioner argued that he was improperly being detained without bond pursuant to the Government's interpretation of 8 U.S.C. § 1225(b)(2). (ECF No. 1.) Petitioner filed that petition on or about February 14, 2026. (ECF No. 1.) On February 17, 2026, this Court granted Petitioner's habeas petition and ordered that the Government provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a). (ECF No. 2.) Although Petitioner withdrew from his initial bond hearing as he was not yet prepared to proceed and needed time to have his immigration counsel present (ECF No. 4-1), Petitioner requested a new bond hearing on March 18, 2026 (ECF No. 5-1 at 31). That hearing was held on March 24, 2026, after which the immigration judge denied Petitioner's request for a bond, finding that Petitioner had not shown that he was not a flight risk. (*See* ECF No. 6 at 1.) In his current motion, Petitioner seeks to challenge the outcome of that bond hearing, arguing that the Government should have borne the burden of proof by clear and convincing evidence and that his bond hearing was otherwise fundamentally unfair.

At his bond hearing, the immigration judge considered Petitioner's filings in support of his bond request and provided Petitioner's counsel with an opportunity to argue that he was neither a danger to the community nor a flight risk. (ECF No. 5-1 at 10.) Counsel argued a lack of criminal history suggesting no danger to the community and argued that Petitioner was not a flight risk as he had attended past proceedings and had a pending Board of Immigration Appeals ("BIA") appeal of his removal order. (*Id.*) In addition, Petitioner had befriended a law professor who had offered him a place to stay if released. (*Id.*) The Government in turn argued that Petitioner had only been in the United States for a few years, did not have deep ties to the community, had a removal order which was unlikely to be overturned on appeal and even if granted could only provide limited forms of relief, and did not have a clear sponsor. (*Id.* at 11-12.) Petitioner argued that some of the individuals who offered him support could act in the capacity a sponsor would normally serve. (*Id.*) The immigration judge in turn called these groups into question as they were essentially legal advocacy organizations, and asked counsel if Petitioner had any further community ties he wished the judge to consider. (*Id.* at 12-13.) Petitioner had no further arguments but reiterated that those who had provided support offered to help him come to any further hearings. (*Id.* at 13.)

Following these arguments, the immigration judge issued a decision. (*Id.*) The immigration judge found no danger to the community, but found that Petitioner failed to establish that he was not a flight risk. (*Id.*) Specifically, the judge noted that: (1) Petitioner's asylum application had been pretermitted; (2) Petitioner had a limited likelihood of success on appeal to the BIA; (3) Petitioner's asylum petition would be time barred even if it had not been pretermitted; (4) Petitioner had delayed for several years before filing that application; and (5) Petitioner had presented very limited evidence of community ties. (*Id.* at 13-14.) In reaching his conclusions, the immigration judge reviewed the letters submitted in support of Petitioner and considered all of Petitioner's filings and explained why he found them unpersuasive. (*Id.* at 14-16.) The

immigration judge therefore denied bond based on Petitioner not establishing he was not a flight risk. (*Id.* at 16.)

In his motion, Petitioner first argues that his bond hearing was improper because the Government should have borne the burden of proof at his bond hearing by clear and convincing evidence based on this Court's prior Order. Petitioner is mistaken. This Court ordered the Government to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a). At a bond hearing pursuant to that statute, the petitioner bears the burden of proving that he is neither a danger to the community nor a flight risk by a preponderance of the evidence *at all times*. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018) (the burden of proof "remains on the detainee at all times"). Nothing in this Court's Order, the statute, or its regulations required the Government to bear the burden, let alone by clear and convincing evidence. That Petitioner bore the burden of proof was entirely proper, and did not violate this Court's Order.

In his remaining arguments, Petitioner disputes the immigration judge's weighing of the evidence and argues that his bond hearing was fundamentally unfair and violated his right to due process. Once a detained alien receives such a hearing under § 1226(a) and is denied bond, "[n]o court may set aside" the immigration judge's decision as to "the denial of bond." 8 U.S.C. § 1226(e). That a petitioner disagrees with how the immigration judge weighed the evidence serves as no basis for relief, and this Court has no jurisdiction to second-guess the immigration judge's decisions. 8 U.S.C. § 1226(e). Instead, this Court may only review bond hearings under the statute for fundamental fairness. *See, e.g.*, *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). An alien receives a fundamentally fair bond hearing when the bond hearing provides "factfinding based on a record produced before the decisionmaker and [which is] disclosed to him or her," an opportunity to "make arguments on his . . . own behalf," and the "right to an individualized determination of his . . interests." *Id.*

In this matter, Petitioner received a fundamentally fair bond hearing. He was permitted to submit evidence and provide arguments on his own behalf, the immigration judge considered those arguments and that evidence at length, and made an individualized determination as to bond for Petitioner on a record disclosed to him. Due Process requires no more for a bond hearing to be fundamentally fair. *Id.* As Petitioner's bond hearing was fundamentally fair, as this Court has no jurisdiction to second guess the immigration judge's weighing of the evidence, and as Petitioner has not otherwise shown a constitutional defect in the bond hearing he received, Petitioner's motion challenging his bond hearing (ECF No. 5) is **DENIED**. An appropriate order follows.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: September 3, 2026